**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MARK SELIGER, an individual, | Case No.: 1:23-cv-01051 |
| Plaintiff, | **COMPLAINT FOR:** |
| v. | 1. Copyright Infringement (17 U.S.C. § 101, *et. seq.*); |
| WORLDWIDE ENTERTAINMENT NETWORK, a California corporation, individually and d/b/a "worldwideentertainmenttv.com"; SHONTA BURTON PEAY, an individual; DWAYNE PEAY, an individual; BLUEGOLD PRODUCTIONS, LLC, a Georgia limited liability company; and Does 1-10, | 2. Vicarious and/or Contributory Copyright Infringement; and 3. Violations of the Digital Millennium Copyright Act (17 U.S.C. § 1202) |
| Defendants. | **JURY TRIAL DEMANDED** |

**COMPLAINT**

Plaintiff Mark Seliger ("Seliger" or "Plaintiff") hereby prays to this honorable court for relief based on the following:

## JURISDICTION AND VENUE

1.      This action arises under the Copyright Act of 1976, Title 117 U.S.C. § 101, *et seq.*

2.      This Court has federal question jurisdiction under 28 U.S.C. §§ 1331 and 1338 (a) and (b).

3.      The Court has personal jurisdiction over Defendants and each of them because Defendants have purposefully directed their unlawful conduct to this judicial district and have conducted substantial business in this judicial district.

4.      Venue is proper under 28 U.S.C. § 1391(c) and 1400(a) because a substantial part of the acts and omissions giving rise to the claims occurred here.

## PARTIES

5.      Plaintiff Mark Seliger is an individual currently residing in New York.

6.      Upon information and belief, Seliger alleges that Worldwide Entertainment Network, individually and doing business as "worldwideentertainmenttv.com," is a California corporation doing business in and with this District, including through its principal place of business at 39791 Benavente Ave., Fremont, California, 94539.

7.      Upon information and belief, Seliger alleges that Shonta Burton Peay is an individual acting as an executive of BlueGold Productions, LLC.

8.      Upon information and belief, Seliger alleges that Dwayne Peay is an individual acting as an executive of BlueGold Productions, LLC, and is also the husband of Shonta Burton Peay.

9.      Upon information and belief, Seliger alleges that BlueGold Productions, LLC is a Georgia limited liability company doing business in and with this District, including through its principal place of business at 6113 Pomerania Trail, Stone Mountain, Georgia, 30087, and with its registered agent found at 11175 Cicero Drive, Suite 100, Alpharetta, Georgia, 30022.

10.     Defendants Does 1 through 10, inclusive, are other parties not yet identified who have infringed Seliger's copyrights, have contributed to the infringement of Seliger's copyrights, or have engaged in one or more of the wrongful practices alleged herein. Their true names, whether corporate, individual or otherwise, are presently unknown to Seliger, who therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

11.     Seliger is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of Seliger's rights and the damages to Seliger's proximately caused thereby.

## CLAIMS RELATED TO SELIGER'S PHOTOGRAPHIC WORK

12.     Mark Seliger is a renowned photographer whose images have been featured in numerous prestigious publications such as Rolling Stone, GQ, Vogue, and Vanity Fair, and he has authored numerous albums covers, books, and short films. He has also created photography in collaboration with global brands like Netflix, Levi's, and Ralph Lauren. He has won numerous awards, including the Clio Grand Prix and the Cannes Lions Grand Prix, and his works are part of the permanent collection of the National Portrait Gallery at the Smithsonian Institution in Washington, D.C., the Museum of Fine Arts in Houston, and the National Portrait Gallery in London.

13.     Seliger owns and created original photography (the "Subject Photography") that was registered with the United States Copyright Office. Plaintiff is the sole owner of the exclusive rights in the Subject Photography, which is depicted in Exhibit A.

14.    Plaintiff is informed and believes and thereon alleges that following his publication and display of the Subject Photography, Worldwide Entertainment Network, Shonta Burton Peay, Dwayne Peay, BlueGold, Doe Defendants, and each of them used the Subject Photography without Plaintiff's authorization for commercial purposes in various ways, including, but not limited to, the use on websites such as https://www.worldwideentertainmenttv.com.

15.    Prior to the acts complained of herein, Seliger widely publicly displayed and disseminated the Subject Photographs, including online and in print publications.

16.    Images of the Subject Photography and screen captures of Defendant's website with the Subject Photography embedded are set forth in Exhibit B ("Infringing Content").

17.    Upon information and belief, Seliger alleges that Defendants, and each of them, had access to the Subject Photographs, including through Seliger's numerous online profiles and features, online publications and press featuring Seliger's work, Seliger's social media accounts, the publication of Seliger's photography in numerous books and physical publications, and/or through viewing the Subject Photographs on third-party websites (e.g., Tumblr, Pinterest, internet search engines, etc.).

18.    Defendants, and each of them, have willfully copied, reproduced, displayed, and distributed the Infringing Content for financial benefit and without Plaintiff's consent, as seen in the screen captures and/or URLs depicted in Exhibit B hereto.

19.    On or around November 18, 2020, Seliger sent a letter to Worldwide Entertainment Network, informing the company of its infringements and demanding that it cease and desist all use of the Subject Photographs. Worldwide Entertainment Network has failed to meaningfully respond, necessitating this action.

## FIRST CLAIM FOR RELIEF

(For Copyright Infringement – Against all Defendants, and Each)

20.    Seliger repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs.

**COMPLAINT**

21.     Upon information and belief, Seliger alleges that Defendants, and each of them, accessed the Subject Photography by without limitation, viewing the Subject Photography on Plaintiff's website or social media profiles, on other sites online, or in physical publications. The identicality of the copying also show access.

22.     Upon information and belief, Seliger alleges that Defendants, and each of them, copied, reproduced, displayed, and distributed the Subject Photography online at and on websites bearing the URL(s) depicted in Exhibit B hereto.

23.     Upon information and belief, Seliger alleges that Defendants, and each of them, infringed Seliger's copyrights by creating infringing derivative works from the Subject Photographs and publishing same to the public.

24.     Due to Defendants', and each of their, acts of infringement, Seliger has suffered general and special damages in an amount to be established at trial.

25.     Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Seliger's rights in the Subject Photographs. As such, Seliger is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of Seliger's rights in the Subject Photographs in an amount to be established at trial.

26.     Upon information and belief, Seliger alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to $150,000.00 per infringement and/or a preclusion from asserting certain equitable and other defenses.

## SECOND CLAIM FOR RELIEF

(For Vicarious and/or Contributory Copyright Infringement – Against all Defendants, and Each)

27.     Seliger repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs.

28.     Upon information and belief, Seliger alleges that Defendants knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and distribution of the Subject Photographs as alleged hereinabove. Such conduct included, without limitation, publishing copies obtained from third parties that Defendant(s) knew, or should have known, were not authorized to be published by Defendant(s); publishing the Infringing Uses on affiliate, third-party, and social media sites; and distributing the Infringing Uses to third-parties for further publication.

29.     Seliger alleges on information and belief that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct. Specifically, Defendants, and each of them, received revenue in connection with the posting and sharing of the Infringing Uses, and were able to supervise the publication and distribution of the Infringing Uses.

30.     By reason of the Defendants', and each of their, acts of contributory and vicarious infringement as alleged above, Seliger has suffered general and special damages in an amount to be established at trial.

31.     Due to Defendants', and each of their, acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Seliger's rights in the Subject Photographs. As such, Seliger is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of Seliger's rights in the Subject Photographs, in an amount to be established at trial.

32.     Upon information and belief, Seliger alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to $150,000.00 per infringement and/or a preclusion from asserting certain equitable and other defenses.

## THIRD CLAIM FOR RELIEF

(For Violations of the 17 U.S.C. §1202 – Against all Defendants, and Each))

33.     Seliger repeats, re-alleges, and incorporates herein by reference as though fully set forth the allegations contained in the preceding paragraphs.

34.     The Subject Photographs were routinely published with attribution information, including Seliger's name and/or the title of the work, which identified Seliger as the author and owner of the Subject Photographs, and which qualifies as copyright management information.

35.     Upon information and belief, Seliger alleges that Defendants, and each of them, removed Seliger's copyright management information from certain of the Infringing Uses, including those posted to "www.worldwideentertainmenttv.com," and/or added false copyright management information to the Subject Photographs, attributing it to another artist and/or source, before distributing and publishing same.

36.     Plaintiff alleges on information and belief that Defendants, and each of them, distributed and published the Subject Photography via websites bearing the URL(s) depicted in Exhibit B hereto, under its own name, and removing Plaintiff's attribution information, including without limitation his name and/or metadata.

37.     The aforementioned acts constitute "copyright management information" as that phrase is defined in 17 U.S.C. § 1202(c) and is false.

38.     When Defendants distributed and published the Subject Photography, they knowingly provided and/or distributed false copyright management information in violation of 17 U.S.C. § 1202(a). As a result of the foregoing, Plaintiff has been damaged and may recover those damages as well as Defendants' profits, and/or statutory damages, and attorneys' fees under 17 U.S.C. § 1203.

39.     As a result of the foregoing, Seliger has been damaged and may recover those damages as well as Defendants' profits, and/or statutory damages, and attorneys' fees under the Digital Millennium Copyright Act.

**COMPLAINT**

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for judgment as follows:

1. That Defendants, and each of them, as well as their employees, agents, or anyone acting in concert with them, be enjoined from infringing Seliger's copyrights in the Subject Photographs, including without limitation an order requiring Defendants, and each of them, to remove any content incorporating, in whole or in part, the Subject Photographs from any print, web, or other publication owned, operated, or controlled by any Defendant.

2. That Seliger be awarded all profits of Defendants, and each of them, plus all losses of Seliger, plus any other monetary advantage gained by the Defendants, and each of them, through their infringement, the exact sum to be proven at the time of trial, and, to the extent available, statutory damages as available under the 17 U.S.C. § 504 and other applicable law.

3. That a constructive trust be entered over any revenues or other proceeds realized by Defendants, and each of them, through their infringement of Seliger's intellectual property rights;

4. That Seliger be awarded his attorneys' fees as available under the Copyright Act U.S.C. § 505 and/or §1203;

5. That Seliger be awarded his costs and fees;

6. That Seliger be awarded statutory and enhanced damages;

7. That Seliger be awarded pre-judgment interest as allowed by law; and,

8. That Seliger be awarded further legal and equitable relief as deemed proper.

/ / /

**COMPLAINT**

**JURY DEMAND**

Seliger demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Respectfully submitted,

Dated: February 7, 2023

By:  */s/ Scott Alan Burroughs*
Scott Alan Burroughs, Esq.
Laura M. Zaharia, Esq.
DONIGER / BURROUGHS
247 Water Street, First Floor
New York, New York 10038
(310) 590-1820
scott@donigerlawfirm.com
lzaharia@donigerlawfirm.com
*Attorneys for Plaintiff*

**COMPLAINT**